## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CRAMER, | : | Civil No. 3:15-CV-1360 |
| | : | |
| **Plaintiff** | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JOHN KERESTES, et al. | : | |
| | : | |
| **Defendants.** | : | |

### MEMORANDUM ORDER

**I.    Statement of Facts and of the Case**

The plaintiff, a state prisoner, commenced this action by filing a *pro se* complaint on July 13, 2015. (Doc. 1). In his complaint Cramer named five defendants, including four correctional supervisors and employees at the State Correctional Institution, Mahanoy, and one Department of Corrections central office grievance processing official, Dorina Varner. Cramer's complaint then alleged that in November and December of 2014 he was unlawfully placed in a strip cell by the defendants, and certain legal and personal property belonging to the plaintiff was confiscated and destroyed by the defendants. (Id.) Asserting that the destruction of this property violated his rights, Cramer seeks injunctive and declaratory relief, along with compensatory and punitive damages from the defendants. (Id.) While this complaint describes the alleged roles of SCI Mahanoy staff in these events, with respect to the central office defendant named by Cramer, Dorina Varner, the only allegation seems

to be that Varner failed after-the-fact to act favorably upon grievances filed by Cramer relating to this incident. (Id.)

There is a motion to dismiss pending in the case, (Doc. 21), and we are currently awaiting Cramer's response to this motion. (Doc. 34.) In the meanwhile a welter of other motions have been filed, which we will now address. First, on August 26, 2015, Cramer filed what we liberally construe as a motion for a preliminary injunction, (Docs. 14-16), which alleged that additional legal and personal property had been confiscated from his cell six days earlier, on August 20, 2015. (Id.) The defendants have filed a motion to strike this pleading, (Doc. 17), which notes, in part, a technical flaw in Cramer's pleadings in that none of his pleadings are properly captioned as a motion, although the import of Cramer's request is clear from a reading of these documents. The motion to strike also raises substantive objections to this request for a preliminary injunction, observing that Cramer had not fully exhausted his administrative grievances within the prison system prior to seeking this extraordinary injunctive relief. (Id.)

This motion to strike has been fully briefed by the parties, (Docs. 18, 23, 24, 27), although Cramer has now also sought leave of court to file a sur-reply brief relating to this motion to strike. (Doc. 31.) Therefore, the motion to strike is ripe for resolution. For the reasons set forth below, we will deny this motion to strike. Given our ruling denying this motion to strike, Cramer's request for leave to file a sur-reply brief will

-2-

be dismissed as moot. We will also, by a separate Report and Recommendation, address the outstanding motion for preliminary injunction.

## II. Discussion

In their motion to strike, the defendants note that Cramer's pleadings requesting injunctive relief include a brief, declaration, and proposed order, but do not separately include a document specifically captioned as a motion. Observing that Federal Rule of Civil Procedure 7 provides that "[a] request for a court order must be made in a motion," Fed. R. Civ. P. 7., and that the Local Rules of the United States District Court for the Middle District of Pennsylvania also call for the filing of a motion *and* supporting brief, L.R. 7.1, 7.5 the defendants cite Cramer's failure to designate one of his pleadings as a motion as grounds for striking these pleadings entirely.

While we acknowledge that Cramer has not specifically captioned any of these pleadings as a motion, the import of these pleadings is clear, and we must liberally construe *pro se* pleadings like the request for preliminary injunction submitted here by Cramer. Adopting this liberal construction of Cramer's filings we conclude that they are tantamount to a motion for preliminary injunction and should be construed as such.

We further find that these pleadings are not otherwise subject to being stricken. Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

**(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). In this case, recognizing that "[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted," Lunsford v. United States, 570 F.2d 221, 229

(8th Cir.1977), we find that it has not been shown that the assertions in these pleadings are both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). In short, while this request for a preliminary injunction may fail on its merits, that request is not so "redundant, immaterial, impertinent, or scandalous" that it should be stricken from the court record. Therefore, in the exercise of our discretion, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will deny this motion to strike.

An appropriate order follows:

### III.   Order

AND NOW, this 3d day of November, 2015, IT IS ORDERED that the defendants' motion to strike (Doc. 17) is DENIED. In light of this ruling, the plaintiff's motion for leave to file a sur-reply brief relating to this motion to strike (Doc. 31) is DISMISSED as moot.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge