UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

SEP 2 1 2016

Per_____
DEPUTY CLERK

WILLIAM CRAMER,                   :

      Plaintiff,                :

      v.                        :          CIVIL NO. 3:15-CV-1360

                                :

JOHN KERESTES, et al.,            :          (Judge Kosik)

      Defendants.               :

## MEMORANDUM

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Plaintiff, William Cramer, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on July 13, 2015. In the complaint he alleges that four (4) employees at State Correctional Institution - Mahanoy ("SCI-Mahanoy"), Pennsylvania, his former place of confinement, and one (1) employee of the Department of Corrections ("DOC"), violated his constitutional rights. Waivers of service were filed by three (3) of the SCI-Mahanoy prison employees (Kerestes, Butts and Damore) and the DOC employee Dorina Varner. (Doc. 11.) The John Doe prison defendant was not served with the complaint as no identity was ever provided by Plaintiff. On August 12, 2016, a Report and Recommendation was issued by the Magistrate Judge granting in part and denying in part a motion to dismiss filed by the Defendants who waived

service to the complaint. (Doc. 53.)  On August 30, 2016, this Report and

Recommendation was adopted by the court. (Doc. 54.)  Specifically, the following

was ordered: all claims for injunctive relief, all claims against Defendants in their

official capacities, and all claims against Dorina Varner were dismissed. (Id. at 3.)

Further, Plaintiff's claims under the Fourth Amendment, the Fifth Amendment due

process claims, the retaliation claim with respect to the confiscation and destruction

of personal and legal property, and state law tort claims were dismissed without

prejudice. (Id.)  In addition, although the Eighth Amendment claim regarding

placement in and conditions of the strip cell in November and December of 2014

were not dismissed, Plaintiff was directed to file a more definite statement to clearly

identify which Defendants were personally involved in his alleged illegal placement

there, and his denial of access to food, water and hygiene items for 19 days.  Plaintiff

was given twenty (20) days to file an amended complaint with respect to those claims

dismissed without prejudice to endeavor to correct the deficiencies, and also to

provide a more definite statement with respect to the Eighth Amendment claim that

remained, as outlined in the Magistrate Judge's Report and Recommendation. (Id.)

On September 19, 2016, a timely amended complaint was filed. (Doc. 58.)

Plaintiff again names Kerestes, Butts, Damore and Doe, but omits Varner, since she

was dismissed from this action.  Plaintiff does add Hugh Beggs as a new defendant.

2

In reviewing the amended complaint, Plaintiff's requests for injunctive relief will again be dismissed as moot on the same basis that they were dismissed originally, as any such claims are still moot.  In addition, any claim against any of the named defendants based solely on the denial of Plaintiff's grievance will also be dismissed. This is on the same basis previously set forth by the Magistrate Judge in his Report, in that a supervisory liability claim cannot be premised merely on the fact that an individual did an after-the-fact unfavorable review of Plaintiff's grievance.  Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006).  (See also Doc. 53 at 8-9.)

Plaintiff's claim of conspiracy will also be dismissed in that it is merely generally alleged in the amended complaint with no supporting facts.  To set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations.  D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989).  The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights, (2) the time and the place of the conduct, and (3) the identity of the officials responsible for the conduct.  Oatess v. Sobolevitch, 914 F.2d 428, 432 n. 8 (3d Cir. 1990); see also Colburn v. Upper Darby Twp., 838 F.2d 663 (3d Cir. 1988).

3

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together, to deprive plaintiff of a protected federal right. See id.; Rose, 871 F.2d at 366. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kahn, 926 F.2d 1396, 1405 n. 16. Viewing the amended complaint in the light most favorable to Plaintiff, Plaintiff fails to state a viable conspiracy claim against Defendants. His allegations are conclusory, and fail in any respect to meet the requirement that a civil rights conspiracy claim contain specific facts that tend to show a meeting of the minds and concerted activity.

Moreover, any claim that Plaintiff is entitled to recovery under § 1983 for property confiscation/destruction is without merit. To the extent Plaintiff contends that his constitutional rights were violated due to the unreasonable deprivation of his personal property under the Fourteenth Amendment, his claim fails. The Supreme Court has found that in the prison context even an "unauthorized intentional

4

deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson, 468 U.S. at 533. Clearly such a remedy is available since Plaintiff admits he pursued a grievance with respect to this issue. Further, Plaintiff has state remedies available to pursue these claims. For these reasons, any such claim is also subject to dismissal.

Aside from the above, and without passing any judgment as to the merits of Plaintiff's claims, the amended complaint will stand as the complaint in this action with respect to Plaintiff's allegations regarding the strip cell placement and conditions, and the denial of access to the courts due to the deprivation/destruction of his legal property and retaliation. In reviewing the amended complaint, Plaintiff has sufficiently alleged personal involvement on the part of a named defendant/ defendants. The Defendants who already waived service in this action will be directed to file a response to the amended complaint within twenty (20) days. The Clerk of Court will be specially appointed to serve the amended complaint, this order and the waiver of service documents on the newly named defendant, Hugh Beggs. Plaintiff will also be given fifteen (15) days to provide information to the court with respect to the Doe defendant to enable service. The failure to do so will result in the Doe's dismissal from this action. In addition, any request in the amended complaint

5

for a specific amount of monetary relief is stricken as improper.

To effect service as expeditiously as possible on the newly named defendant, the Clerk of Court is specially appointed to serve a copy of the amended complaint, Notice of Lawsuit and Request to Waive Service of Summons (form AO 398), Waiver of the Service of Summons (form AO 399), and this order. The waiver request shall inform the defendant both of the consequences of compliance and of failure to comply with the requests. Defendant is permitted 30 days from the date the waiver request is sent (60 days if addressed outside any judicial district of the United States) to return the signed waiver or electronically file it in the court's Electronic Case Filing ("ECF") system. If a signed waiver is not returned or electronically filed within the required time, an order shall be issued directing the Clerk's office to transmit the summons and a copy of the complaint to the U.S. Marshals Service for immediate service on Beggs under Fed. R. Civ. P. 4(c)(1).

It is Plaintiff's responsibility to provide a complete name and address for each defendant so that the court can effect service. At this time, service will be attempted on Beggs at the address Plaintiff has listed. However, Plaintiff has not provided an identity for the John Doe defendant. If the Clerk of Court cannot properly mail the complaint, Notice of Lawsuit and Request to Waive Service of Summons, and Waiver of the Service of Summons to a defendant due to Plaintiff's failure to properly name a

6

defendant or provide an accurate mailing address for the defendant, Plaintiff will be required to correct this deficiency.

In that event, it will be the Plaintiff's responsibility to provide the Clerk's Office with the completed Notice of Waiver of Summons, Waiver of Summons, and Process Receipt and Return (form USM 285) form for each such defendant. If Plaintiff does not have sufficient copies of these forms to prepare one for each defendant, he or she may obtain additional forms from the Clerk of Court. On each form, Plaintiff must give the full name and complete address of each individual defendant. If Plaintiff fails to give the Clerk's Office correct instructions for mailing to any defendant, Plaintiff's claims against that defendant may be dismissed pursuant to Fed. R. Civ. P. 4(m). As such, a mailing will be attempted on Beggs. It is up to Plaintiff to provide the court with the proper information as to the Doe defendant as set forth above.

Plaintiff is also advised that no defendant is required to respond to the complaint until he or she: (1) has waived service; or (2) has been served with a summons and the complaint pursuant to Fed. R. Civ. P. 4, if the defendant has not waived service. Further, any motion for default cannot be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond to the complaint within sixty (60) days after the Notice of Lawsuit and

7

Request to Waive Service of Summons has been mailed (if service is waived pursuant to the written notice) or twenty-one (21) days after being served the summons and complaint by the United States Marshals Service (which will be completed only for those defendants who do not waive service).

Plaintiff is again advised that he is responsible for notifying the Clerk's Office of any change of address throughout the course of this litigation. Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute if the court and other parties are unable to serve pleadings, orders or otherwise communicate with Plaintiff.