# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CRAMER,** | : | Civil No. 3:15-CV-1360 |
| | : | |
|    **Plaintiff,** | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **JOHN KERESTES, et al.,** | : | |
| | : | |
|    **Defendants.** | : | |

## MEMORANDUM AND ORDER

**I.**    **Factual Background**

Five years ago, William Cramer, an inmate incarcerated in the Pennsylvania Department of Corrections, filed this action *pro se* against correctional staff at the State Correctional Institution – Mahanoy. (Doc. 1). Cramer alleged that he was unlawfully placed in restricted housing, and that while in restricted housing, his property was confiscated by the defendants and destroyed. He also claimed that he filed grievances concerning his property and was told he would not receive his property until he stopped filing grievances. Thus, Cramer brought his claims pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights.

After almost five years of protracted litigation, the only claim that remains in this case is Cramer's factual discrete and specific First Amendment retaliation claim.

1

Cramer contends that the defendants withheld his property—including a pair of shower shoes, an appellate procedure book, and some legal papers—and threatened him because he filed grievances to obtain his property. For their part, the defendants assert that there was a legitimate penological purpose for withholding some of Cramer's property, and that if Cramer is missing legal papers, it is because he did not follow the proper procedures to obtain the legal papers he sought. The defendants filed a motion for summary judgment on Cramer's retaliation claim, which was denied by the court on August 13, 2019. (Doc. 200). Subsequently, the court granted Cramer's motion to appoint counsel, and counsel entered their appearances on behalf of the plaintiff in November 2019.[1]

Now, after five years of litigation, and almost three years since discovery in this case has closed, Cramer seeks to reopen discovery on his longstanding and factually narrow retaliation claim. (Doc. 230). He contends that the defendants raised a new defense in their second motion for summary judgment, and that he is entitled to fact discovery regarding the defendants' instructions concerning the procedure for obtaining some of his missing legal papers. The motion seeks to reopen discovery to take several depositions, as well as propound additional written discovery and requests for production of documents. However, we find that Cramer has not shown

---

[1] The parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the case was assigned to the undersigned on January 22, 2020. (Doc. 224).

good cause to reopen discovery at this stage of the litigation, some five years after the complaint was filed and almost three years after discovery has closed. Accordingly, for the following reasons, we will decline Cramer's request to reopen discovery and we will deny the instant motion.

## II. Discussion

### A. Standards Governing Extensions of Discovery Deadlines

As we have noted, this case has been pending for almost five years, with discovery closing on August 31, 2017—more than two years ago. (Doc. 90). Rule 16(b)(4) of the Federal Rules of Civil Procedure allows the court to modify a scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4). As one court in this circuit aptly noted the standard under Rule 16(b)(4):

> The "good cause" inquiry "focuses on the moving party's burden to show due diligence." Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010). In the context of requests to extend deadlines, courts have defined "good cause" to include "circumstances beyond the control" of a party. See Partners Coffee Co., LLC v. Oceana Servs. and Prods. Co., No. 09-CV-236, 2010 U.S. Dist. LEXIS 41695, at *10, 2010 WL 1726829, at *3 (W.D. Pa. Apr. 28, 2010); see also Lord v. Consolidated Rail Corp., No. 13-784, 2015 U.S. Dist. LEXIS 142119, at *9, 2015 WL 6163951, at *1 (D.N.J. Oct. 19, 2015) ("A court may find good cause to amend the scheduling order where the movant learns of the facts supporting [the motion] after expiration of the relevant filing deadline [.]") (internal quotations omitted). In the context of requests to reopen discovery, "[t]he decision whether to reopen discovery is committed to the sound discretion of the district court." Trask v. Olin Corp., 298 F.R.D. 244, 267 (W.D. Pa. 2014).

3

Courtney v. Ivanov, 2016 WL 1367755, at *2 (W.D. PA. April 6, 2016). Courts consider several factors when determining whether to reopen discovery, including "(1) whether the moving party's lack of diligence or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the discovery extension; and (3) any other factors the trial court, in its discretion, determines to be relevant." Trask, 298 F.R.D. at 267.

Here, Cramer contends that the defendants raised a new defense in their second motion for summary judgment, which was filed after the discovery deadline, and that he now needs further discovery on issues raised in that motion. Moreover, he asserts that he was unable to fully conduct discovery throughout this litigation, in part due to the denial of his various motions to appoint counsel. Finally, Cramer claims that there will be no prejudice to the defendants if discovery is reopened, as the discovery he seeks is narrow and limited. For their part, the defendants oppose the request to reopen discovery, arguing that Cramer was able to adequately conduct discovery in this case and that the case is now ready for trial.

After consideration, we agree with the defendants, and for the following reasons, we will deny Cramer's motion.[2]

---

[2] In reaching this result we emphasize that we are engaging in an evenhanded application of settled legal principles and have in the past several months applied these same principles to deny a request by the Commonwealth to belatedly re-open discovery in a prisoner civil rights lawsuit when that request was made on the eve

### B. We Will Deny Cramer's Motion to Reopen Discovery.

In considering this motion to reopen discovery of a trial-ready case nearly three years after discovery had closed, we begin by acknowledging a fundamental truth of litigation: "where a party has submitted an untimely discovery request, the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request. See, e.g., Maslanka v. Johnson & Johnson, 305 F. App'x 848 (3d Cir. 2008) (affirming denial of *pro se* litigant motion to compel where discovery demands were untimely); Oriakhi v. United States, 165 F.App'x 991 (3d Cir. 2006) (same); Bull v. United States, 143 F.App'x 468 (3d Cir. 2005)(same)." Njos v. United States, No. 3:12-CV-1252, 2015 WL 5227838, at *2 (M.D. Pa. Sept. 8, 2015). In asking us to discount this settled legal principle at the outset Cramer asserts that he was only appointed counsel in November 2019, and that all of his previous motions to appoint counsel were denied. Accordingly, he claims, he was unable to bring discovery matters to the court's attention during the discovery period.

We disagree.

First, we note that this is a civil case, and as such, Cramer was not entitled to the appointment of counsel at any stage in the proceedings. See Montgomery v.

---

of trial and years after discovery had closed. See Staple v. Horener, No. 3:15-CV-2446 (Doc 133, January 2, 2020)

Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) ("Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel"). Moreover, district courts have broad discretion in the determination of whether to appoint counsel in a civil case, and a court's denial of the appointment of counsel in civil cases is reviewed only for an abuse of discretion. Id. Accordingly, Cramer's contention that he was denied counsel during the discovery stage of this litigation, and thus could not raise certain discovery issues, is unpersuasive. Indeed, in denying Cramer's previous motions to appoint counsel, Judge Jones explained that throughout the proceedings, Cramer "[wa]s capable of properly and forcefully prosecuting his claims," and that discovery had concluded, and no further factual investigation was warranted. (Docs. 94, 193). Moreover, Cramer did, in fact, actively pursue discovery and brought discovery issues to the court's attention while he was proceeding *pro se*. In fact, Cramer's motion to compel further was granted in part by the court. (Docs. 99, 119). Thus, in our view, the record reveals that Cramer's *pro se* status did not impede his ability to pursue and obtain discovery. Therefore, this former *pro se* status, along with the fact that Cramer was recently able to obtain counsel, does not warrant the reopening of discovery almost three years after discovery has closed. See Trask, 298 F.R.D. at 268 ("Retaining new counsel, by itself, does not establish good cause"); Marlowe Patent Holdings LLC v. Dice Electronics, LLC, 293 F.R.D. 688, 699

(D.N.J. 2013) ("[R]etention of new counsel is not alone sufficient to show good cause to modify the court's scheduling order").

More significantly, Cramer has not demonstrated a need for the discovery he seeks. On this score, Cramer has requested to depose seven individuals—the defendants, a purported inmate-witness, and a representative from the Cambria County Clerk's Office[3]—and seeks to serve additional written discovery requests, including ten interrogatories, ten requests for production of documents, and ten requests for admission. (Doc. 227). Cramer argues that he will be disadvantaged at trial if he is unable to depose these individuals, and that the defendants raised key issues of fact after the close of discovery regarding the defendants' contact with the Cambria County Clerk's Office and the "new defense" of the defendants' legitimate penological purpose for withholding Cramer's property, which warrant the additional written discovery requests. We disagree.

First, we find Cramer's contention that he will be disadvantaged because he is unable to depose the aforementioned individuals unpersuasive. While Cramer was not able to take the depositions of these individuals, he was permitted to serve written discovery requests on them. (Doc. 90). On this score, as we have noted in the past:

> [U]nder Rule 30, rulings on inmate requests to conduct oral depositions rest in the sound discretion of the Court. That discretion, though, is

---

[3] We also observe that Cramer's proposed discovery request is vastly overbroad. For example, we note that while Cramer seeks to depose these seven individuals, he requests that he be permitted to take eight depositions.

> guided by a basic recognition of the security and logistical difficulties that such depositions present. <u>McKeithan v. Jones</u>, 212 F. App'x 129 (3d Cir. 2007). However, in light of these logistical and security concerns, it is often preferable for inmates to seek discovery through timely written depositions pursuant to Rule 31 of the Federal Rules of Civil Procedure. . . . Given these alternative means of obtaining discovery, and the obvious security and logistical concerns presented by inmate oral depositions, it ahs been held that the proper exercise of discretion in this field often entails denial of inmate requests for orders compelling oral depositions, in favor of Rule 31 depositions on written questions. <u>McKeithan</u>, 212 F. App'x 129.

<u>Williams v. Gavins</u>, 2014 WL 4185652, at *3 (M.D. Pa. Aug. 21, 2014). This is particularly true in this case, where the defendants have voiced such security concerns regarding the plaintiff.

Further, because Cramer, in fact, served written discovery on the defendants, he cannot now argue that he is entitled to take their oral depositions. This is so even though Cramer claims that he has not received answers to all of his discovery requests. On this score, Cramer filed a motion to compel responses to his discovery requests, and the motion was granted in part with respect to one of Cramer's requests but denied as to the remainder. (Doc. 119). The district court found that many of the documents Cramer sought did not exist and that there were legitimate security concerns with respect to the release of other documents. (<u>Id.</u>) Thus, we are not persuaded that Cramer will face such a disadvantage if he is unable to take the depositions of these seven individuals.

Moreover, we cannot discern from the plaintiff's motion exactly what discovery he believes he is entitled to. The motion contemplates reopening fact discovery to investigate the defendants' "new defense," in that the defendants' second motion for summary judgment argued that they had a legitimate penological purpose for withholding or failing to replace some of Cramer's property. In addition, Cramer seeks to reopen fact discovery with respect to the defendants' contention that they contacted the Cambria County Clerk's Office and were told that the plaintiff had to request his own legal papers, which Cramer argues did not occur.

At the outset, we note that Cramer characterizes the "legitimate penological purpose" defense as a new defense that was raised in the defendants' second motion for summary judgment. While the defendants concede that this argument was not fully briefed in their first motion for summary judgment, it was nonetheless discussed by Judge Jones in his first opinion denying summary judgment on the plaintiff's retaliation claim. (Doc. 153). Indeed, in setting forth the standard for First Amendment retaliation claims, Judge Jones explained that while inmates retain First Amendment rights while incarcerated, "[t]hese rights are lessened, but not extinguished, in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct." (Doc. 153, at 20) (citing <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987)). Judge Jones went on to deny the defendants' motion with respect to the retaliation claim, noting that "the record is

9

devoid of evidence on the issue of whether actions were taken for a penol[o]gically legitimate reason or otherwise." (Doc. 153, at 22).

This finding by Judge Jones was the rationale behind the defendants' request to file a second motion for summary judgment. (Doc. 159). Indeed, Cramer acknowledged this in his brief in opposition, and requested that the court deny the defendants' request, as the case had been pending since July 2015 and, "[a] trial by jury, at this point, can determine whether the defendants had a penologically legitimate reason or otherwise for not replacing plaintiff[']s property." (Doc. 161, at 4). However, at no time, either in his opposition brief to the defendants' second motion or in his motion to appoint counsel that was made thereafter, did Cramer ever request an extension of discovery or even mention a need for further discovery on this issue. Rather, after Cramer successfully defeated the defendants' second summary judgment motion (Doc. 200), he again requested the appointment of counsel and filed his pretrial memorandum, but made no mention of additional discovery or an extension of time. (Docs. 203, 214).

In short, there is nothing new about this defense. Quite the contrary, the penological justification for the defendants' actions has been a pivotal issue in this lawsuit from its inception five years ago.

Furthermore, Cramer has not made any showing as to the specific discovery he seeks with respect to this factual dispute. Rather, he invites us to reopen discovery

after almost three years to give him the opportunity to investigate a factual issue that, by his own admission, is ripe for a jury's consideration. Accordingly, we find that Cramer has not shown good cause to reopen discovery in this regard.

Cramer's contention that he is entitled to information regarding the defendants' contacts with the Cambria County Clerk's Office is similarly unpersuasive. Cramer argues that there are issues of fact regarding if and when the defendants contacted the clerk's office to obtain his legal papers, if the defendants received instructions from the clerk's office pertaining to Cramer's legal papers, and whether they communicated those instructions to Cramer. For their part, the defendants point to the declaration of Major Damore attached to their second motion for summary judgment, which states that Major Damore contacted the clerk's office but was told that Cramer had to request the documents himself. (Doc. 174-1, at 3). Damore stated that he discussed these instructions with Cramer, and that this is evidenced by the fact that Cramer, in fact, contacted the Clerk of Court for the Western District of Pennsylvania to inquire about the cost of copies of his court documents. (Id., at 3, 8). Indeed, the record indicates that copies of Cramer's Western District docket were ordered and sent to Major Damore. (Id., at 8).

In addition, Judge Jones noted in his opinion that the Cambria County public docket referenced a letter received from Cramer in December 2014, which sought copies of the documents in his case, and that Cramer sent another letter in February

of 2016 inquiring if the defendants had requested records in his case. (Doc. 153, at 11, 20). Thus, we cannot discern what more Cramer is seeking in terms of discovery on this issue. The record indicates that Cramer was informed of the need to personally request his documents, and that he did, in fact, request his documents, both from Cambria County and from the Western District of Pennsylvania. Therefore, this factual question is fully developed, and no further pre-trial discovery is needed

In sum, Cramer has not made a showing of good cause to reopen discovery in this matter. While he alleges that he was prohibited from receiving discovery in terms of his legal papers, the record indicates that Cramer was able to contact the Cambria County Clerk's Office and the Clerk of Court for the Western District of Pennsylvania to receive these papers, and that he, in fact, contacted these courts for copies of his legal materials. Additionally, it is clear that Cramer was capable of filing a motion to compel any discovery he thought had not been not disclosed or was responded to inadequately, as evidenced by the fact that he did file a motion to compel in July of 2017, and he did not request any extensions of time for discovery throughout this litigation. Accordingly, given that this case has been pending for almost five years and discovery has been closed for almost three years, and given the fact that Cramer has not shown that he is entitled to the discovery he seeks, we will deny Cramer's motion to reopen discovery.

An appropriate order follows.[4]

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

---

[4] While we have reached these conclusions regarding whether further discovery is necessary in this case, we wish to commend *pro bono* counsel who agreed last year to assist Cramer for their skilled and zealous advocacy on the plaintiff's behalf. This *pro bono* service speaks to the highest and best ethical qualities of our profession.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CRAMER,** | : | Civil No. 3:15-CV-1360 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **JOHN KERESTES, et al.,** | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW this 13th day of March 2020, in accordance with the accompanying Memorandum, the plaintiff's motion to reopen discovery (Doc. 230) is DENIED and the following pre-trial schedule is set in this case:

| | |
|---|---|
| Local Rule 16.3 - Attorney Conference and Exchange of Proposed Jury Instructions on or before: | **April 3, 2020** |
| Motions in Limine Due: | **April 17, 2020** |
| Pretrial Memoranda Due: | **May 15, 2020** |
| *Proposed Jury Charge, Proposed Voir Dire Questions and Objections to Proposed Jury Charge: | **May 15, 2020** |
| Pretrial and Settlement Conference: | **June 3, 2020 at 10:00 a.m.** |

15

Trial Brief Due:           **June 10, 2020**

Trial:                     **June 16, 2020 at 9:30 a.m.**


                           *S/ Martin C. Carlson*
                           Martin C. Carlson
                           United States Magistrate Judge

15