IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CRAMER,** | : | Civil No. 3:15-CV-1360 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **JOHN KERESTES, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.   Factual Background

This case, which comes before us for consideration of a motion *in limine*, involves a First Amendment retaliation claim brought by the inmate-plaintiff, William Cramer, against correctional staff at SCI-Mahanoy. The Court has found that this First Amendment claim presents factual issues for resolution at trial, and we have scheduled this case for trial in June of 2021.

In anticipation of trial, the plaintiff has filed a motion *in limine*, seeking pre-trial rulings on various evidentiary issues. (Doc. 236). In this motion, Cramer seeks to preclude the defendants from introducing evidence of his criminal history and the criminal history of another inmate-witness, his institutional misconducts, reference to his institutional security level or other similarly inflammatory designations, and reference to his "pro-white" or white supremacist beliefs. For their part, the

defendants agree that reference to Cramer's security level and similarly inflammatory designations would be inappropriate. They also agree that reference to his white supremacist beliefs would be inappropriate. Accordingly, we must determine whether evidence of Cramer's criminal convictions and prior bad acts not resulting in a conviction, as well as the inmate-witness's criminal convictions, are admissible at trial.

For the reasons that follow, the plaintiff's motion *in limine* will be granted in part and denied in part.

## II.     Discussion

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted).

Thus, in considering motions *in limine*, which call upon the Court to engage in preliminary evidentiary rulings, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . . Additionally, application of the balancing test [relating to relevance and prejudice] under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.' " Abrams v. Lightolier Inc., 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); see Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion).

The exercise of this discretion is guided, however, by certain basic principles reflected in the philosophy that shapes the rules of evidence. For example, Rule 402 of the Federal Rules of Evidence provides that "evidence which is not relevant is not admissible." "Relevant evidence," in turn, is defined in Federal Rule of Evidence 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." A court may exclude evidence that is relevant "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

As we have noted, the defendants have agreed to refrain from referencing Cramer's security level or referring to him by any inflammatory designation with

respect to his security risk. They have also agreed to refrain from references to his "pro-white" or white supremacist beliefs. Accordingly, we will exclude any such evidence from being used or referred to at trial.

Thus, we are asked to consider the relevance, prejudicial impact, and admissibility of evidence of Cramer's criminal history and history of misconducts, including assaults on DOC staff members. The plaintiff also seeks to preclude the introduction of evidence of prior convictions of his inmate-witness, Marcellus Jones.

With respect to Cramer's and Jones' criminal convictions, the admissibility of this evidence for impeachment purposes is governed by Federal Rule of Evidence 609. Rule 609 mandates that a felony conviction be admitted for impeachment purposes in a civil case, subject to the balancing test set forth in Rule 403. Fed. R. Evid. 609 (a)(1)(A). Rule 403's balancing test requires us to take the following four factors into consideration to determine whether the probative value of the evidence outweighs any prejudicial effect of admitting evidence of the conviction: "(1) the nature of the conviction; (2) the time elapsed since the conviction; (3) the importance of the witness's testimony to the case; and (4) the importance of credibility to the claim at hand." Sharif v. Picone, 740 F.3d 263, 272 (3d Cir. 2014) (citing United States v. Greenidge, 495 F.3d 85, 97 (3d Cir. 2007)). With respect to this balancing of probative value and prejudicial impact commanded by Rule 403, although evidence may be excluded pursuant to Rule 403 prior to trial, the Third Circuit has

cautioned that "pretrial Rule 403 exclusions should rarely be granted....Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage...."). Moreover, the Third Circuit has characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are...unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859.

Upon consideration of these issues of relevance and potential for prejudice resulting from impeachment of witnesses through their prior convictions, and mindful of the Third Circuit's cautious approach to Rule 403 challenges, we find that plaintiff's motion to wholly exclude evidence of his and his witness's prior convictions should be denied for at least two reasons. First, Rule 609(a) makes clear that evidence of felony convictions is indeed relevant to a jury's effective evaluation of witness credibility. Rule 609(a) states that the evidence of a witness's felony conviction "shall be admitted" except for those instances where Rule 403 or the time limit of Rule 609(b) demands otherwise. Rule 609 is based upon the "common sense proposition" that an individual who has "transgressed society's norms by committing

5

a felony is less likely than most to be deterred from lying under oath." See Walden v. Georgia-Pacific Corp., 126 F.3d 506, 523 (3d Cir. 1997). Its purpose is to aid the jury in assessing the credibility of a witness. Id. In this case, witness credibility will likely play a decisive role in the jury's decision-making process. As such, defendants should not be entirely prevented from pointing out the plaintiff's or his witness's felony history during cross-examination. The jurors should be allowed to consider such relevant information as they weigh the credibility of each witness's testimony, unless Rule 403 or Rule 609(b) demands otherwise.

Moreover, the plaintiff has offered no compelling reason why the fact of these prior criminal convictions of the plaintiff and his witness, standing alone, should be wholly excluded due to unfair prejudice. In particular, based on the facts of this case, the plaintiff's status as an inmate will be obvious to the jury. Although reference to felony convictions during witness impeachment does carry with it some danger of prejudice, the inmate status of the plaintiff and witness will make it clear that they have been convicted of some crime, the fact of a conviction—which will be self-evident—is not so overwhelming as to substantially outweigh the probative value under Rule 403 and thus justify a pretrial order excluding any impeachment by prior convictions. Therefore, the fact that Cramer and any other prisoner-witnesses are also convicted felons would not result in surprise or an unfair prejudice at trial, and it is only when the prejudicial impact of evidence becomes "unfair" that the evidence

must be excluded. See Coleman v. Home Depot, Inc., 306 F.3d 1333, 1344 & n.6 (3d Cir. 2002). At this time, the potential prejudice of this form of impeachment, permitted by the rules of evidence, falls short of this threshold.

For the foregoing reasons, the plaintiff's motion to entirely prevent defendants from introducing evidence of the plaintiff's criminal convictions for impeachment purposes, as well as the convictions of his witness, will be denied. However, we recognize that the specific nature of these some of these charges adds a heightened element of prejudice to any cross-examination that ventures into the criminal histories of inmate-witnesses or an inmate-plaintiff. When considering impeachment of a witness by prior violent crime convictions, we must be mindful of the fact that "[a] [violent crime] conviction...has the potential to do more than create a credibility handicap. It has the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired." Womack v. Smith, 1:06-CV-2348, 2012 WL 1245752 (M.D. Pa. Apr. 13, 2012) (quoting Tabron v. Grace, 898 F. Supp. 293, 296 (M.D. Pa. 1995)). In such instances, when confronted with a conviction that may be used under Rule 609 to impeach, but whose underlying qualities have an extremely high potential for prejudice, the trial judge may, in the exercise of discretion, adopt a middle course with respect to the issue of impeachment and permit "admission of less prejudicial evidence-namely, the fact of [the witness'] conviction of a crime and resulting imprisonment without further detail." Perryman

v. H & R Trucking, Inc., 135 F. App'x 538, 541 (3d Cir. 2005), see Womack, 2012 WL 1245752 (permitting disclosure of fact of plaintiff's conviction, without disclosure of offense of conviction).

Accordingly, we will permit the introduction of both Cramer's and Jones' prior criminal convictions, but we will reserve the right to limit the scope of impeachment with these convictions at trial should we determine that the probative value of these prior convictions is substantially outweighed by the danger of unfair prejudice. Additionally, we note that to the extent Jones' criminal history indicates that he has two pending cases in Schuylkill County, these pending charges cannot be used as evidence to impeach Jones.

Finally, the admissibility of Cramer's institutional misconduct history falls under Federal Rule of Evidence 404. Rule 404(b) governs the admissibility of such other acts evidence and provides, in part, as follows:

**Crimes, Wrongs, or Other Acts.**

**(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).

Thus, by its terms, Rule 404(b) prohibits the use of other act evidence to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Instead, under the rule, this other acts evidence may be admitted only when it is probative proof of such factors as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The Third Circuit has directed district courts to apply a four-part test in order to determine whether to admit evidence under Rule 404(b): (1) the evidence must have a proper purpose; (2) the evidence must be relevant; (3) the probative value of the evidence must outweigh its potential for unfair prejudice; and (4) if the evidence is permitted, the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted. United States v. Rahamin, 168 F. App'x 512, 519 (3d Cir. 2006) (citing United States v. Cruz, 326 F.3d 392, 395 (3d Cir. 2003)); see also United States v. Sampson, 980 F.2d 883, 888 (3d Cir. 1992). In addition, Rule 608 provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b).

Here, the defendants' stated reason for introducing Cramer's institutional misconduct history is twofold: first, they assert that it shows a pattern of activity regarding Cramer's hatred toward the DOC and his attempts to exact revenge on the

DOC, including the instant lawsuit; and second, they argue that Cramer's misconducts—specifically his assaults on correctional staff—should be admitted as an alternative to Cramer's claim that the alleged retaliatory actions were a result of Cramer's grievances. We note that the use of Cramer's misconducts to establish motive, either for Cramer or the correctional defendants, may be both problematic and fact-specific. Indeed, it seems incongruous for the defendants to assert that Cramer's property was destroyed in retaliation for his assaults on correctional staff rather than for his grievances. In any event, we will defer any ruling on the use of Cramer's misconduct history until trial but require a specific and detailed offer of proof at trial before permitting the use of such evidence by either party.

    An appropriate order follows.

                                            *S/Martin C. Carlson*
                                            Martin C. Carlson
                                            United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CRAMER,** | : | Civil No. 3:15-CV-1360 |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **JOHN KERESTES, et al.,** | : | |
| **Defendants.** | : | |

## O R D E R

AND NOW, this 19th day of January 2021, in accordance with the accompanying Memorandum, upon consideration of the plaintiff's motion *in limine* (Doc. 236), IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART as follows: the motion is GRANTED in that the defendants shall not be permitted to reference Cramer's security level or use any other inflammatory language to describe his security level, and the defendants shall not be permitted to reference the plaintiff's "pro-white" or white supremacist beliefs. The motion is DENIED as to use of the plaintiff's and his inmate-witness' prior criminal convictions for impeachment purposes, but the Court reserves the right to limit the use of this evidence for impeachment purposes at trial. Finally, we DEFER ruling on the issue of the use of Cramer's misconducts, but we will require a specific and

detailed offer of proof at trial before permitting the use of such evidence by either party.

                                                      *S/Martin C.  Carlson*
                                                      Martin C. Carlson
                                                      United States Magistrate Judge